# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO A. RUBIO, | CV F   04 6139 OWW SMS P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION (Doc. 9.) |
| SCRIBNER, et. al., | |
| Defendants. / | |

Sergio Rubio ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action on August 20, 2004, naming V. Yamamoto, Chief Deputy Warden, Correctional Counselor Schrednitz, C. C. Monroe, R. Roper, A.R. Perez, D.T. Hawkes, and M. Hodges-Wilkins as Defendants.

This Court screened Plaintiff's Complaint on March 9, 2006, and dismissed it with leave to amend as Plaintiff had not linked any named Defendants to particular acts or omissions.  The Court also provided Plaintiff with the relevant law to help him properly frame his allegations. Plaintiff filed an Amended Complaint on April 12, 2006.

**A.  SCREENING STANDARD**

The court is required to screen complaints brought by  prisoners seeking relief against a

1

governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), *citing* Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

**B. SUMMARY OF COMPLAINT**

The following summary is taken from this Court's previous Order dismissing with leave to amend as Plaintiff has not changed any of the "statement of facts" previously provided.

Plaintiff alleges that on April 4, 2002, his cell was searched and a sheet of paper containing names and addresses of family and friends was confiscated by Defendant Perez. Defendant Perez then authored a confidential chrono stating that Plaintiff was identified as associating/communicating with validated members/associates of the Mexican Mafia Prison Gang. During the month of November, Plaintiff states he was summoned to report to "work change" by Defendant Perez and Correctional Guard Lunes. Plaintiff was instructed to strip nude and was photographed. When Plaintiff asked why he was being photographed, he was informed that it was for preparation of a gang validation packet. Plaintiff then inquired into the basis of why such a packet was being prepared and was informed that this would be addressed by

2

the Law Enforcement Liaison Unit (LIEU).  Plaintiff states that he then inquired as to whether he would get a disciplinary write up or hearing prior to his being validated and the response was no, Plaintiff would have to use the inmate appeals process after being validated.

Plaintiff states that on January 31, 2003, he was arrested by Defendants Monroe and R. Roper and was escorted to the Administrative Segregation Unit.  No information was provided to him other than the CDC 114-D lock up order.  Two weeks later, Plaintiff appeared before a classification committee and asked why he was in segregation.  He was informed that his placement was based on a finding by Defendants A.R. Perez and D.T. Hawkes that Plaintiff was a gang associate.  Plaintiff was also informed that the hearing took place in Sacramento on January 7, 2003, and that any questions related to his validation should be addressed to the LIEU.  Plaintiff was then transferred to the Security Housing Unit.

On April 23, 2003, Plaintiff made another appearance before the classification committee in the SHU and was notified that all inmates validated as gang associates were held in the SHU per departmental policy.  When Plaintiff asked the basis of his validation, Defendant Yamamoto reviewed his file and informed him that there were three pieces of evidence relied on for the finding and that any inquiries relating to the reliability of the documents should be addressed to the LIEU.  Plaintiff states he was then given copies of documents disclosing the items relied on.

On April 29,2003, Plaintiff appealed the decision to validate him as a gang associate challenging the reliability of the documentation relied on for the validation.  The appeal was denied on June 13, 2003, by Defendant Roper.

On June 28, 2003, Plaintiff appealed the response which was denied on September 23, 2003, by Defendant C.E. Monroe.  Plaintiff submitted an appeal of this decision on October 10, 2003.  Plaintiff's appeal was denied on January 12, 2004, by Defendant V. Yamamoto.

Plaintiff appealed again on February 8, 2004, challenging the reliability of the evidence used to validate him as a gang member/associate.   His appeal was denied on April 8, 2004.

Plaintiff states he has remained in the SHU since the initial determination of his status as a gang member and has gone before an Institutional Classification Committee ("ICC") every sixth months but has been unsuccessful in discussing the basis of his validation.

**C. CLAIMS FOR RELIEF**

  *1. Linkage Requirement*

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, the plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

   As in the prior instance, Plaintiff again provides purely narrative form the story of what he believes to be a violation of his constitutional rights. Plaintiff again fails to link any of the named Defendants to an act or omission giving rise to the alleged violations. Instead, Plaintiff sets out his constitutional claim for relief, "incorporates by reference" all of the facts previously set forth in approximately twenty (20) pages of narrative and then makes a conclusory allegation that the Defendants violated his rights. The Court informed Plaintiff previously that it would not read his "story" and then try to determine which acts gave rise to the allegations of constitutional deprivation. Despite being given the relevant information and law, Plaintiff again fails to link any of the named Defendants in the manner he was instructed to by the Court. The Court has now screened Plaintiff's case twice and each Complaint filed consists of almost one hundred pages and Plaintiff has been unable or unwilling to frame his allegations appropriately. Plaintiff was informed previously that the Court cannot read Plaintiff's story and formulate his claims for

4

1  relief by linking particular individuals to various acts or omissions. As stated in the prior order,
2  this is Plaintiff's responsibility.

3  **D. CONCLUSION AND RECOMMENDATION**

4  Based on the foregoing, the Court finds that Plaintiff has failed to state a claim for relief
5  under section 1983.  Further, the Court finds that Plaintiff is either unwilling or unable to cure
6  the deficiencies outlined by the Court on prior occasions and thus, leave to amend should not be
7  granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Noll v. Carlson, 809 F. 2d 1446, 1448-49 (9th Cir. 1987).
8  Accordingly, the Court RECOMMENDS that this action be dismissed in its entirety.

9  It is HEREBY ORDERED that these Findings and Recommendations be submitted to the
10 United States District Court Judge assigned to the case pursuant to the provision of 28 U.S.C.
11 § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District
12 Court, Eastern District of California.  Within THIRTY (30) days after being served with a copy
13 of this Report and Recommendation, any party may file written objections with the Court and
14 serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate
15 Judge's Findings and Recommendations."  Replies to the Objections shall be served and filed
16 within TEN (10) court days (plus three (3) days if served by mail) after service of the Objections.
17 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).
18 The parties are advised that failure to file objections within the specified time may waive
19 the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
20 1991).

21 IT IS SO ORDERED.

22 **Dated:   February 26, 2007**              /s/ Sandra M. Snyder
   icido3                                      UNITED STATES MAGISTRATE JUDGE

5